State Court of Fulton County
**E-FILED**
25EV000136
1/6/2025 1:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**RAVEN WILLIAMS,**

     **Plaintiffs,**

v.

**TJX COMPANIES, INC., and JOHN DOES 1-3,**
     **Defendants.**

Civil Action File No.

_____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Raven Williams brings this Complaint for Damages against Defendant TJX Companies, Inc. and John Does 1-3, showing this Court as follows:

## PARTIES, JURISDICTION, AND FACTS

1.

Plaintiff Raven Williams is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant, TJX Companies, Inc., is a foreign corporation authorized to do business in the State of Georgia, with its principal office located at 770 Cochituate Road, Framingham, MA 01701, and is subject to the jurisdiction of this court. Defendant maintains offices and transacts business in Fulton County, Georgia, the county in which this cause of action originated. Defendant may be served by issuing an original Summons and copy of this Complaint to its registered agent for service, CT Corporation System at 289 S. Culver St., Lawrenceville, Georgia 30046-4805.

3.

By virtue of the facts alleged herein, venue of this action is properly laid in this Court,

pursuant to Article VI, Section II, Paragraph VI of the 1983 Constitution of the State of Georgia and O.C.G.A §§ 9-10-93 and 14-2-510 (b).

4.

Plaintiff will move to add or substitute for the John Doe Defendants certain TJX Companies, Inc.'s employees who upon information and belief reside in the State of Georgia. Jurisdiction and venue will be proper in this Court.

**GENERAL ALLEGATIONS**

5.

By virtue of the facts herein alleged, Defendant TJX Companies, Inc. ("TJX") and John Does 1-3 have injured and damaged Plaintiff Raven Williams in an amount to be determined by the enlightened conscience of an impartial jury.

6.

Defendant TJX owns and/or operates multiple TJ Maxx stores in the State of Georgia, and other states, and owns and/or operates at least one store in Fulton County, Georgia, including the store at issue in this case, which is located at 1801 Howell Mill Road, S.W., Atlanta, Georgia 30318 (the "store").

7.

John Doe Defendants 1-3 are employees and/or contractors of Defendant TJX who are/were responsible for the operating the store, negligently creating and/or permitting the subject hazard that injured Plaintiff and/or negligently directing Plaintiff to step on the hazard.

8.

On October 27, 2023, at approximately 3:15 p.m., Plaintiff was a customer at the store in question. She entered the store intending to browse the handbag section and was assisted by John Doe TJX employees, whose identities are currently unknown to her.

9.

Unbeknownst to Plaintiff, folded tables and/or other obstructions were improperly positioned on the floor in a walkway creating a hidden hazard. Upon stepping backward as directed by the unknown employee(s), Plaintiff slipped on the hazard the John Doe TJX employees created and maintained with her left foot, twisted towards her right side, and fell on the tables/obstructions and concrete tiled floor.

10.

Plaintiff's entire back struck the tables and floor with significant force.

11.

Plaintiff immediately felt pain alongside her right hip, leg, elbow, thigh, and entire back.

12.

Plaintiff was exercising ordinary care for her own safety at all times relevant hereto.

13.

Plaintiff slipped and fell because the John Doe TJX employees negligently placed folded tables and/or other obstructions on the floor in a walkway and negligently directed Plaintiff to step backwards onto the tables/obstructions without providing any warning about the hazard.

14.

Plaintiff had no actual or constructive knowledge of the hazardous condition until after she slipped and fell.

15.

Defendant TJX and the John Doe employees owed a duty of ordinary care to Plaintiff not to create the subject trip hazard and to notify Plaintiff of the hazard before directing her to step backwards.

16.

Defendant TJX and the John Doe Defendants knew or should have known of the existence of the subject hazard, as they created and maintained it, and therefore was aware of and had superior knowledge of the hazard to its patrons, including Plaintiff.

17.

Plaintiff's fall and subsequent injuries were proximately caused by the negligence of Defendant TJX and/or the John Doe employees in that they:

a)  negligently and unnecessarily created a hazardous condition on the premises by laying folded tables/obstructions/trip hazards in the walkway of customers;

b)  failed to warn of the hazardous condition of the tables/obstructions on its floor;

c)  failed to place proper warning signs around the hazardous condition; and

d)  negligently directed Plaintiff to unknowingly step on the dangerous condition, causing her to slip and fall.

18.

At all times pertinent hereto, Defendant TJX, and its agents, contractors, and employees, including the John Doe employees, had superior knowledge of the unsafe condition of its premises, said condition at all times, prior to Plaintiff's fall, being unknown to Plaintiff.

19.

Plaintiff sought reasonable and necessary emergency and follow-up medical treatment.

20.

As a result of this slip and fall, Plaintiff suffered serious and disabling personal injuries, including a herniation in her lumbar spine at levels L2-L3, central disc herniations at levels L3-L4 and L5-S1, and annular tears at levels L2-L3 and L5-S1.

21.

Despite adhering to prescribed treatments and medical recommendations, Plaintiff still experiences severe pain and discomfort that profoundly impacts her everyday activities.

22.

As a further result of said fall and injuries, Plaintiff has incurred over $120,000.00 in reasonable and necessary medical expenses for the treatment of her injuries.

23.

Plaintiff's medical providers have recommended additional medical treatments and surgical procedures, totaling more than $200,000, to treat the injuries she suffered in this incident.

24.

As a result of above-described injuries, Plaintiff suffered extensive mental and physical pain and will continue to suffer from said injuries in the future.

25.

As a result of the Plaintiff's fall and the resulting injuries, the Plaintiff has lost wages and will continue to lose income in the future.

26.

On October 31, 2023, Plaintiff sent a letter to TJX, via its store manager, Tom Mitchell, and its insurer requesting the preservation of all evidence, including any and all video footage.

27.

Although the video footage and incident report(s) have been requested, they have not yet been provided to Plaintiff.

28.

Plaintiff has already produced her medical records and expenses to Defendant TJX.

29.

Plaintiff has reached out to Defendant TJX in good faith to avoid litigation but, despite multiple requests, has not received any meaningful response.

WHEREFORE, Plaintiff prays for the following:

1. that the Summons and Complaint be served upon Defendant TJX Companies, Inc. as provided by law;

2. that judgment be entered against Defendant TJX Companies, Inc. in an amount sufficient to compensate Plaintiff for past and future pain and suffering, and past and future medical expenses, and lost wages;

3. that Plaintiff have a trial by jury; and

4. for such other relief as the Court shall deem just and proper.

Respectfully submitted this 6th day of January, 2025.

**THE ELLIS FIRM**

/s/ *Willie C. Ellis Jr.*

_____

Willie C. Ellis Jr.
Georgia Bar No. 246116
*Attorney for Plaintiff*

3500 Lenox Road, Ste. 1500
Atlanta, Georgia 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

State Court of Fulton County
**E-FILED**
25EV000136
1/21/2025 2:45 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY STATE OF GEORGIA

**RAVEN WILLIAMS,**

    *Plaintiff(s) / Petitioner(s)*

v.

                                               Case No.: 25EV000136

**TJX COMPANIES, INC., and JOHN DOES 1-3,**

    *Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Derek Reddick, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents to TJX Companies, Inc. in Gwinnett County, GA on January 14, 2025 at 1:23 pm at 289 Culver Street South, Lawrenceville, GA 30046 by leaving the following documents with Jane Richardson who as Intake Specialist at CT Corporation Sys is authorized by appointment or by law to receive service of process for TJX Companies, Inc..

Plaintiff's RFAs, Rogs, and RPDs
Summons
Complaint
General Case Initiation Form

White Female, est. age 55-64, glasses: Y, Gray hair, 180 lbs to 200 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.9520330224,-83.9905147565
Photograph: See Exhibit 1

Total Cost: $115.00

Signature
Derek Reddick
+1 (252) 916-9932

Subscribed and sworn to before me this 20ᵗʰ day of
January , 2025 , by
Derek Reddick .
Witness my hand and official seal.

Sheree Reddick
Notary Public

My commission expires:
9/24/27



Exhibit 1a)

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV000136**
**1/6/2025 1:16 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RAVEN WILLIAMS,** | Civil Action File No. |
| **Plaintiffs,** | _____ |
| **v.** | |
| **TJX COMPANIES, INC., and JOHN DOES 1-3,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS

To:   **TJX COMPANIES, INC.**

**YOU ARE HEREBY REQUESTED**, pursuant to O.C.G.A. § 9-11-26 and in accordance with the applicable rules of civil procedure, to produce at the offices of The Ellis Firm, located at 3500 Lenox Road, Ste. 1500, Atlanta, Georgia 30326, within 45 days following service of these Admissions, Interrogatories, and Request for Production of Documents by responding to each Admission and Interrogatory and attaching requested documents to your legal response to these Requests and mailing to Plaintiff's counsel true and correct copies of all such requested documents and tangible items.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).

This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of

each such document, or copies thereof.

4. "**Subject Incident**" means the incident wherein Plaintiff incurred injuries on October 27, 2023 while she was enrolled in a summer camp program at Champion Kids, located at 1801 Howell Mill Road, S.W., Atlanta, Georgia 30318 (the "store").

5. "**Premises**" means the TJ Maxx store, located at 1801 Howell Mill Road, S.W., Atlanta, Georgia 30318 (the "store").

6. "**You**" "**Your**" or "**DEFENDANT**" means TJX Companies, Inc.

7. "**Plaintiff**" shall mean Raven Williams.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same." If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

YOU ARE HEREBY NOTIFIED that Plaintiff intends to rely upon the provisions of the O.C.G.A. § 9-11-37(c), and, in the event that you fail to make the admissions requested, Plaintiff will file an application for the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

NOTE A: If you cannot truthfully admit or deny any of the below requested admissions, then, please set forth in detail the reason or reasons you cannot truthfully admit or deny the requested admission. A general statement that you cannot admit or deny a requested admission, unaccompanied by reason, is an insufficient response.

NOTE B: If you should deny any of the below requested admissions, then your denial is

required to meet the substance of the requested admission. When good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you are required to specify so much of the requested admission as is true and qualify or deny only the remainder.

NOTE C: You cannot give lack of information or knowledge as a reason for failure to admit or deny any of the below requested admissions unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

NOTE D: If you fail to admit the truth of any matter requested, and if Plaintiff at trial proves the truth of the matter requested, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses and attorney's fees incurred in making the proof.

**YOU ARE REQUESTED** to admit, for the purpose of this action only, that each of the following statements is true:

1. Defendant is subject to the jurisdiction and venue of this Honorable Court.

2. Defendant has been properly served with the Summons and Complaint.

3. On October 27, 2023, Defendant owned, occupied, operated, and/or managed the Premises located at 1801 Howell Mill Road, S.W., Atlanta, Georgia 30318 (the "store" or "Premises").

4. On October 27, 2023, at approximately 3:15 p.m., Plaintiff was a customer at the subject store.

5. Plaintiff was an invitee at the time of the subject incident.

6. Plaintiff entered the store intending to browse the handbag section.

7. Plaintiff was being assisted by TJX employees at the time of the incident.

8. At the time of the subject incident, there were folded tables on the floor near the

handbag section where Plaintiff was shopping.

9. TJX employees placed the subject folded tables and/or other obstructions on the floor prior to Plaintiff's arrival.

10. TJX employees directed Plaintiff to backup as they assisted her with looking at handbags.

11. The TJX employees assisting Plaintiff did not warn her about the folded tables/obstruction on the floor behind her.

12. Upon stepping backward as directed by the unknown employee(s), Plaintiff slipped on the folded tables/obstruction and fell on the floor.

13. During the fall, Plaintiff's left foot twisted towards her right side, and she fell on the tables/obstructions and floor.

14. Plaintiff reported experiencing pain to the TJX employees.

15. Plaintiff was exercising ordinary care for her own safety at all times relevant hereto.

16. TJX employees contacted their insurer shortly after the incident and provided Plaintiff with a claim number.

17. Plaintiff slipped and fell because the TJX employees negligently placed folded tables and/or other obstructions on the floor in a walkway and negligently directed Plaintiff to step backwards onto the tables/obstructions without providing any warning about the hazard.

18. Plaintiff had no actual or constructive knowledge of the hazardous condition until after she slipped and fell.

19. Defendant TJX and its employees owed a duty of ordinary care to Plaintiff not to create the subject trip hazard.

20. Defendant TJX and its employees owed a duty of ordinary care to Plaintiff to notify

her of the folded tables/hazard behind her on the floor before directing her to step backwards.

21. Plaintiff was not doing anything wrong when the subject incident occurred.

22. Prior to Plaintiff's injury on October 27, 2023, Defendant was aware that the folding tables/obstruction on which Plaintiff slip and fell were position in handbag section of the store.

23. The tables/obstruction on which Plaintiff slip and fell should not have been in the location it was when this incident occurred.

24. Plaintiff was injured as a result of slipping and falling on the tables/obstructions on the floor.

25. Plaintiff was injured as a result of falling on the floor.

26. Plaintiff's injuries were painful.

27. Defendant's employees failed to remove the tables/obstructions from the floor after Plaintiff was injured.

28. On October 27, 2023, Plaintiff was injured as a result of Defendant's employee's negligence.

29. On October 27, 2023, Plaintiff was injured as a result of Defendant's employee's gross negligence.

### **PLAINTIFF'S FIRST CONTINUING INTERROGATORIES**

Plaintiff, pursuant to O.C.G.A. § 9-11-33 (Georgia Civil Practice Act Section 33), submits herewith to Defendant **TJX Companies, Inc.**, for response within forty-five (45) days from the date of service, in the form prescribed by law, the following Interrogatories, the same being continuing in nature, requiring a supplemental response upon the discovery of other or future

information or documents affecting the response of Defendant. In responding, Defendant is requested to answer fully, based on all information available to Defendant's possession, or in the possession of any agent, investigator, employee, or attorney acting in Defendant's behalf. You cannot give lack of information or knowledge as a reason for failure to answer any of the below requested interrogatories unless you have made reasonable inquiry and investigation to obtain the information sufficient to answer the interrogatory.

NOTE A: When used in these Interrogatories, the term "you," or any synonym thereof, is intended to and shall embrace and include **TJX Companies, Inc.**, and in addition, all agents, servants, employees, representatives, private investigators, attorneys, and others who are in possession of or may have obtained information for or on behalf of Defendants, with regard to this case.

NOTE B: In these interrogatories, when any reference is made to the Defendant or Defendants, it shall embrace and include in addition to Defendants, any counsel for Defendants, and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

NOTE C: Pursuant to the provisions of O.C.G.A. § 9-11-26(e), these Interrogatories are continuing, and, if at any time after you have answered, new or additional information comes to your attention, you are required to furnish such new or additional information to Plaintiff and to file and serve upon counsel for Plaintiff supplemental Answers within thirty (30) days from receipt of such information and, in all events, at least ten (10) days prior to the time of trial. This "Request for Supplemental Responses" is made pursuant to O.C.G.A. § 9-11-26(e)(3).

## INTERROGATORY NO. 1

Please identify the following person or persons employed by Defendant or contracted by it (both at the time of the subject incident and at the time these interrogatories are answered)

who has/have knowledge of the following:

    (a)  All employees, staff and/or contractors of Defendant who were in the store at the time of the subject incident;

    (b)  Facts pertaining to the subject incident;

    (c)  Objects on the floor when Plaintiff fell at the time of Plaintiff's injury;

    (d)  How the objects, including the folded table/obstruction made it onto the floor in the area of the handbags prior to Plaintiff's injury; and

    (e)  When the folded tables/obstructions were placed on the floor where Plaintiff fell;

    (f)  All inspections or safety checks conducted on the Premises between October 20, 2023 and October 30, 2023, including the subject bag area where Plaintiff fell prior to her injury on October 27, 2023; and

    (g)  Steps taken after Plaintiff's injury to prevent other customers from being injured.

### INTERROGATORY NO. 2

Please provide the information/knowledge Defendant believes each person identified in response to Interrogatory No. 1 is anticipated to have as well as any documents that pertain to or otherwise support their knowledge.

### INTERROGATORY NO. 3

Please state whether at the time of the occurrence, which is the subject matter of this lawsuit, whether any insurance carrier that provided any insurance policies that covered the Defendant and/or the Premises is defending you or investigating the subject incident giving rise to this lawsuit, under a reservation of rights.

### INTERROGATORY NO. 4

Please identify each and every person who witnessed the subject incident, who were involved in the investigation of the subject incident, who claims to have knowledge of liability in

this action, and/or who claims to have knowledge of damages in this action.

## INTERROGATORY NO. 5

With regard to each statement (oral, written, recorded, court, or deposition transcript, etc.) taken by Defendant or anyone on its behalf and received from any person with knowledge relevant to Plaintiff's alleged occurrence or this lawsuit, please identify each person that gave each statement, the person or entity that took each statement, and the date each statement was taken.

## INTERROGATORY NO. 6

If Defendant has been a defendant in any other lawsuit involving injuries sustained *only* on the subject Premises within the last seven (7) years, please state (a) the date the litigation was filed; (b) the court in which it was filed; and (c) the case number.

## INTERROGATORY NO. 7

If Defendant has received notice of any injuries sustained *only* on the subject Premises within the last ten (10) years, for each such notice/claim please provide: (a) the injuries sustain; (b) location where the injuries were sustained; and (c) the alleged cause of the injury.

## INTERROGATORY NO. 8

If steps were taken by Defendant after the subject incident to prevent customers from being injured by the folded tables and/or obstruction on the floor in the handbag area, please state the actions taken, the date actions were taken, and identify each person involved.

## INTERROGATORY NO. 9

Please describe in detail the specific activities Plaintiff was engaged in at the time of her injury, to the best of Defendant's knowledge.

## INTERROGATORY NO. 10

Please state Defendant's own words how it believes Plaintiff's injury occurred on October

27, 2023, and identify all information and/or documents Defendant relies upon in support of its belief.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to O.C.G.A. § 9-11-34, hereby requests that Defendant produces and permits the Plaintiff to inspect and copy the documents which are hereafter requested.

NOTE A: Should Defendant consider any particular documents requested herein as being privileged, please identify said documents and give the following information regarding any such documents in a privilege log:

1. Its nature, for example, whether it is a letter, memorandum, etc.,

2. The date upon which it was made, and

3. By whom it was made and to whom addressed, and if copies were sent to any person, to whom such copies were sent.

NOTE B: This request for production of documents shall be deemed continuing in nature, and, if at any time after Defendant has produced the requested documents, or otherwise responded hereto, further documents (called for in these requests but not previously produced), come into Defendants' control and possession then, Defendant is requested to respond further and to produce the said documents at the earliest possible time, but, in any event, the documents should be produced prior to the time of trial.

NOTE C: As used herein, the term "documents" includes every record of every type, including without limitation, any written, printed, typed, recorded or graphic matter however produced or reproduced, in the possession, custody, or control of Defendant, or any agent, employee, or attorney for Defendant, and all drafts, notes, or preparatory material concerned with said documents where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. The

term "documents" shall also include any summary of any document or documents called for hereinafter.

**YOU ARE HEREBY REQUESTED** to produce the following documents:

1.    A complete copy of all policies, training materials, procedures, guidelines, instructions provided to employees, agents, and/or contractors regarding the safety of the Premises.

2.    A copy of all statements that Defendant has and/or is aware of pertaining in any way to the subject incident.

3.    A copy of all pictures and videos of the subject area taken between October 27, 2023 and the present.

4.    A copy of all pictures and videos of the subject area on October 27, 2023.

5.    A copy of all pictures and videos that Defendant has and/or is aware of pertaining in any way to the subject incident.

6.    A copy of all documents Defendant relies upon or intends to rely upon in its defense of this action.

7.    A copy of all documents Defendant contends supports the defenses and responses in its Answer.

8.    A complete copy of all policies, training materials, procedures, guidelines, instructions provided to employees, agents, and/or contractors regarding the inspection, maintenance, and safety of the Premises – including but not limited to trip hazards.

9.    All documents that pertain in any way to the incident involving Plaintiff on October 27, 2023, including but not limited to incident reports, witness statements, and communications with the Plaintiff.

10.    A copy of all inspection reports of the subject Premises between October 20, 2023

and December 31, 2023.

11.    A complete and true copy of all safety inspection reports for the Premises between October 20, 2023 and December 31, 2023.

12.    A complete and true copy of all communications, including emails and texts, between Defendant's employees, agents, or representatives regarding the incident on October 27, 2023.

13.    A complete and true copy of **all** insurance policies that may cover the claims in this lawsuit, including declaration pages and policy endorsements.

14.    A complete and true copy of all employment records for the employees that were assisting Plaintiff at the time of the incident.

15.    A complete and true copy of all documents related to safety and risk assessments on the Premises, including any reports or evaluations conducted between October 1, 2020 and October 27, 2023.

16.    The October 27, 2023 schedules and timecards for Defendant's employees who were on the Premises on October 27, 2023 at the time of the subject incident.

Respectfully submitted this 6th day of January, 2025.

THE ELLIS FIRM

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Attorney for Plaintiff*

3500 Lenox Road
Ste. 1500
Atlanta, Georgia 30326
Phone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com