IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAVEN WILLIAMS,<br><br>    PLAINTIFF,<br><br>v.<br><br>TJX COMPANIES, INC., AND JOHN DOES 1–3,<br><br>    DEFENDANTS. | CIVIL ACTION FILE NO.:<br><br>**1:25-CV-00486-MLB** |

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Pursuant to Section M of the Court's Standing Order, the parties respectfully submit the following Joint Statement Regarding Discovery Dispute:

*Interrogatories*

**1.    Interrogatory No. 1. Identification of Witnesses with Knowledge.**
**Plaintiff's Issue.** Plaintiff requested that Defendant identify all persons employed by or contracted with TJX with knowledge of:

(a) facts pertaining to the incident;
(b) objects on the floor at the time of the fall;
(c) how those objects came to be in the area;
(d) when they were placed there;
(e) inspections conducted in the relevant area;
(f) steps taken after the incident.

These subparts go directly to liability, notice, and foreseeability. Despite this, Defendant responded with a vague reference to "employees identified in its initial disclosures." That response is not only insufficient – Defendant appears to have exercised very little effort to identify witnesses. It is only with Plaintiff's insistence that some of the witnesses she spoke with at the incident scene have been identified. Moreover, Defendant's repeated reliance on surveillance video does not excuse its obligation under Rule 33 to provide responses to each subpart. Importantly, Defendant's responses were more than 30 days late. Under well-established law, that delay constitutes a waiver of all objections. *See e.g., Jones v. Mercedes-Benz USA, LLC*, 2024 U.S. Dist. LEXIS 133820 (N.D. Ga. 2024) ("As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); and *Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (waiver of privilege due to untimely assertion).

**TJX's Response.** *Fed. Rule Civ. P.* 26(a)(1)(A) requires TJX to identify persons that may have discoverable information. This mandate covers individuals having

knowledge of each subcategory outlined in interrogatory no. 1. TJX provided this information in its Initial Disclosures. (D.E. 10, 13, 15, and 19). TJX has therefore fully responded to interrogatory no. 1.

*Requests for Production of Documents*

2. **Request No. 1: Safety Policies and Training Materials.**

**Plaintiff's Issue.** This request seeks all written policies, training materials, and procedures concerning safety at the premises. These documents are highly relevant to whether Defendant followed its own internal procedures or industry standards, which courts have recognized as evidence of negligence. *See Medley v. Home Depot*, 252 Ga. App. 398, 401 (2001); and *Schofield v. Hertz Corp.*, 201 Ga. App. 830, 831 (1991). Defendant improperly argues that such materials are irrelevant because they do not "establish the governing standard." That argument misconstrues Georgia law and fails to recognize that violation of internal policies is probative of reasonableness. Additionally, during our May 28, 2025, Defendant's counsel claimed Plaintiff did not slip on a banquet table and there were no such documents that pertained to its setup for luggage, but the former Store employee witnesses we have interviewed disagree.

**TJX's Response.** This is a straightforward premises liability case. Plaintiff is on camera standing next to the alleged dangerous condition for a full three minutes before she trips. (D.E. 21-1) All policies "regarding the safety of the Premises" are not relevant or proportional to the needs of the case and have no bearing on the claims and defenses of the parties in this case, because such "polic[ies] do [] not establish the governing standard of case" in this lawsuit. *Youngblood v. All Am. Quality Foods, Inc.*, 338 Ga. App. 817, 822 (2016); *see also, Huffman v. Davey Tree Expert Co.*, No. 4:18-CV-184, 2025 U.S. Dist. LEXIS 37617, at *58 (S.D. Ga. Mar. 3, 2025) ("'[A] legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts.' … Because a company's internal policies are neither, 'a private corporation's internal policies do not create a duty upon which a tort action may independently lie.'") (internal citations omitted). The sole issue dispositive of TJX's duty is whether Plaintiff had equal or superior knowledge of the allegedly dangerous condition. (D.E. 20, 20-3). The requested policies will not assist in the resolution of this issue and is thus outside the scope of Rule 26.

The two cases cited by Plaintiff in support of her position are distinguishable. *Schofield* was a suit based on negligent entrustment where the policies and procedures are at the center of the liability question. *Schofield*, 201 Ga. App. at 831. *Medley* involves the negligent acts of third parties where there was a store policy directly addressing the removal of the third parties which caused plaintiff's injury. *Medley,* 252 Ga. App. 398. This is a premises liability case involving a static condition where the issue is Plaintiff's superior knowledge of that condition.

### Request No. 13: Inspection and Maintenance Policies.

**Plaintiff's Issue.** This request seeks all policies concerning inspection, maintenance, and trip hazards. Plaintiff is entitled to understand what policies, if any, were in place to prevent the type of hazard alleged here. This request bears directly on breach and notice.

**TJX's Response.** TJX's position on this request is articulated in response to request for production of documents no. 2. Because the joint statement is limited to 3 pages, TJX incorporates its response to request no. 2.

### Request No. 18: Insurance.

**Plaintiff's Issue.** Defendant has refused to produce any insurance policy – despite Plaintiff's Request No. 18 and its obligation per the Initial Disclosures. During a call on May 28, 2025, Defendant's counsel agreed to review this issue with his client and potentially produce all pertinent policies. Plaintiff will update the Court if this issue is not resolved by the time of a hearing on these disputes.

**TJX's Response.** TJX provided a copy of the insurance policy with its Initial Disclosures. (D.E. 19). This satisfies the requirements of *Fed. R. Civ. P.* 26(a)(1)(A)(iv).

### Request No. 21: Timecards and Schedules for October 27, 2023.

**Plaintiff's Issue.** This request seeks employee schedules and timecards to determine who was working at the time of the incident and to verify, among other things, Defendant's inconsistencies in identifying employees Plaintiff recalls speaking with and receiving assistance from after the subject incident.

**TJX's Response.** The timecards and schedules of every TJX employee working on the day of the incident seeks information outside of the scope of *Fed. Rule Civ. P.* 26(a) as it is neither relevant nor proportional to the needs of this case. The TJX employees who have discoverable information regarding Plaintiff's claims were provided in TJX's Initial Disclosures. (D.E. 10, 13, 15, and 19).

Respectfully submitted,

| | |
|---|---|
| **THE ELLIS FIRM** | **CARR ALLISON** |
| By: /s/ Willie C. Ellis | By: /s/ Sean W. Martin |
| **WILLIE C. ELLIS, GA BAR #246116** | **SEAN W. MARTIN, GA BAR #474125** |
| *Attorneys for Plaintiff Raven Williams* | *Attorneys for Defendant TJX Companies, Inc.* |
| 3400 Peachtree Road N.E. Suite 725 | 633 Chestnut Street, Suite 2000 |
| Atlanta, GA 30326 | Chattanooga, TN 37450 |
| (770) 212-1432 / (404) 393-2392 FAX | (423) 648-9832 / (423) 648-9869 FAX |
| will@call-ellis.com | swmartin@carrallison.com |