IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAVEN WILLIAMS,<br><br>　　PLAINTIFF,<br><br>v.<br><br>TJX COMPANIES, INC., AND JOHN DOES 1-3,<br><br>　　DEFENDANTS. | CIVIL ACTION FILE NO.:<br><br>1:25-CV-00486-MLB |

**MOTION FOR LEAVE FOR PLAINTIFF TO AMEND
THE COMPLAINT WITH INCLUDED MEMORANDUM OF LAW**

COMES NOW, Plaintiff Raven Williams, by and through undersigned counsel, and respectfully moves this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to Amend her Complaint to, among other things, recast and/or assert claims for premises liability, vicarious liability, negligent hiring, training, retention and supervision, punitive damages. In support of this Motion, Plaintiff shows the Court the following:

**I.     INTRODUCTION**

Plaintiff Raven Williams sustained serious injuries when she tripped and fell over a hazard – an unopen banquet table lying flat on the floor and empty – at a TJ Maxx store in Atlanta, Georgia. It is undisputed that Ms. Williams never saw the

hazard – which was never in direct view or otherwise in her walking path – before tripped/slipped on it and fell.

TJX Companies, Inc. and its employees were well aware that folded tables on the floor can constitute hazards, having received and/or litigated prior claims involving customers slipping, tripping, and falling over similar tables left empty on the floor in its merchandise areas. Despite the foregoing, Defendant TJX permitted its employees to engage in the practice of using tables on the floor as display substitutes. Plaintiff anticipates that other customers have injured themselves by slipping/tripping in a similar manner and/or reported injuries from the same and, yet, Defendant TJX has not issued policies or otherwise trained its employees not to use banquet tables on the floor as displays in this manner.

Plaintiff asserts that because Defendant TJX had prior knowledge that empty, folded tables on the floor pose a safety risk, its continued use of the table in this manner was willful and wanton, supporting a claim for punitive damages.

## II.   RELEVANT FACTS

On October 27, 2023, Plaintiff visited the TJ Maxx store located at 1801 Howell Mill Road in Atlanta, Georgia, to shop. (Compl., ¶ 8). While at TJ Maxx, Plaintiff went to browse the women's purses, which were hanging from a suspended rack and secured with anti-theft devices that required a key to fully access and handle. (*Id.*). As Plaintiff was examining the purses on the rack and deciding

between several options, two women entered the same aisle. As that TJ Maxx employee walked toward her to assist, Plaintiff stepped aside to give her room to pass and, in doing so, tripped and fell on a table that was lying flat on the floor. (*See id.*, ¶ 9).

Plaintiff did not see the table before tripping on it. (*See id.*, ¶¶ 9 and 14). She had no knowledge of the table's existence and did not expect a table to be lying carelessly on the floor in the aisle next to her. (*Id.*). The table was white and/or grey and so was the floor on which it rested.



*See* [Doc. 20-3, p. 4 (obscured view of the crooked table on the floor)].

Defendant has <u>refused</u> to produce any policies in this case, including those pertaining to merchandising, displays (luggage and otherwise), safety, and trip hazards. Undeterred, Defendant filed a motion for summary judgment on June 2, 2025. [Doc. 20].

While preparing Plaintiff's response to Defendant's motion for summary judgment, Plaintiff's research uncovered *Smith v. TJX Co., Inc.*, Case No. 1:18-cv-

00381-MLB – a strikingly similar case involving this same Defendant, where a customer tripped over an empty, unfolded banquet table left on the floor.

In *Smith*, Defendant produced merchandise placement polices that stated "[p]latforms should be used" for luggage. (**Attachment 1, Merchandise Presentation Manual, p. 16; and Attachment 2, pp. 33, 35 and 41**).

```
Suggested classification displays:
Hanging (Walkarounds only)   Shelved                        Dedicated
                                                             Fixtures
Scarves/Wraps                Fragrances                     Sunglasses
Umbrellas                    Small Leather Goods            Belts
Slippers                     Ind. B&B/Cosmetic Bags/        Handbags
Tights                       Eyeglass Cases                 Luggage
                             Evening/mini bags              Hosiery
```

*Id.*, p. 33.

```
Luggage:
 • Preferred placement for luggage is in the accessories dept; flow after handbags.
 • In stores with the luggage fixtures, display luggage sets grouped small to large.
 • In stores without the fixture, display on wall using 22" shelves.
 • DO NOT HANG LUGGAGE BY EXTENDED HANDLES.
```

*Id.*, p. 35.



*Id.*, p. 41.

Defendant also admitted that it had no policy that authorized it to use tables as luggage displays. (**Attachment 3**, TJ Maxx Response to Admissions in *Smith*, ¶¶ 14-15, 17). Additionally, Defendant admitted that it never conducted any assessment to determine whether it is safe to use unopened tables on the floor as purported displays. (*Id.*, ¶¶ 14-15). Moreover, in denying Defendant's motion for summary judgment, the *Smith* Court held, among other things, that an unopen banquet table lying flat on the floor could be a trip hazard. *Smith v. TJX Co., Inc.*, 2020 U.S. Dist. LEXIS 267853 * 9 (N.D. Ga. 2020).

On June 13, 2025, this Court Ordered Defendant to produce, among other things, policies pertaining to merchandising, displays (luggage and otherwise), safety, and trip hazards. [Doc. 26]. As of today's date, <u>Defendant has not produced any of the documents the Court ordered, nor has it advised Plaintiff when she should receive the same – despite Plaintiff's repeated requests for an update</u>.

### III.   ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." F.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant

relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

In this case, although Plaintiff diligently requested Defendant's policies and its history of prior, similar claims, Defendant has failed to produce the same. Instead, Defendant has stonewalled Plaintiff's discovery efforts and refused to produce documents necessary to determine whether, among other things, Defendant had any policies pertaining to merchandising, displays (luggage and otherwise), safety, trip hazards, and customer injuries – and whether its employees complied with those policies on the date of the incident.

Plaintiff only recently discovered evidence suggesting that Defendant still has no policy authorizing the use of unfolded banquet tables on the floor in the manner at issue. At the time of filing suit, Plaintiff had no way of identifying what Defendant's current merchandising policies were. Additionally, through diligent research during the pendency of this action, Plaintiff discovered that Defendant

previously litigated at least one similar case – *Smith v. TJX Companies* – involving injuries caused by similar negligent conduct.

Upon reviewing the documents in *Smith*, Plaintiff acted diligently by, among other things, petitioning the Court to resolve a discovery dispute regarding Defendant's failure to produce its relevant policies – policies which still have not been produced.

There is no prejudice to Defendant in permitting the amendment. Discovery remains open and does not close until September 12, 2025, leaving ample time for any additional discovery relating to Defendant's conduct. Moreover, any purported delay in seeking amendment is directly attributable to Defendant's refusal to timely produce relevant discovery. Finally, because this case involves a state-law negligence claims and the statute of limitations has not expired, the proposed amendment is timely and will not impair Defendant's ability to defend the case on the merits.

Accordingly, leave to amend should be granted to allow Plaintiff to assert a claim for punitive damages.

### IV.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Leave to Amend and permit Plaintiff to file the proposed Amended Complaint, attached as **Attachment 4**.

-8-

Respectfully submitted this 27th day of June, 2025.

                                               **THE ELLIS FIRM**

                                               /s/ Willie C. Ellis Jr.

3400 Peachtree Road                   Willie Ellis Jr.
Ste. 725                                      Georgia Bar No. 246116
Atlanta, Georgia 30326                *Attorney for Plaintiff*
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAVEN WILLIAMS,<br><br>    PLAINTIFF,<br><br>v.<br><br>TJX COMPANIES, INC., AND JOHN DOES 1-3,<br><br>    DEFENDANTS. | CIVIL ACTION FILE NO.:<br><br>1:25-CV-00486-MLB |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of **MOTION FOR LEAVE FOR PLAINTIFF TO AMEND THE COMPLAINT TO ADD A CLAIM FOR PUNITIVE DAMAGES WITH INCLUDED MEMORANDUM OF LAW** with the following attorneys of record.

Sean W. Martin, Esq.
Camille M. Kennedy, Esq.
**CARR ALLISON**
633 Chestnut Street, Ste. 2000
Chattanooga, TN 37450
swmartin@carrallison.com
ckennedy@carrallison.com
*Attorneys for Defendant TJX Stores, Inc*

This 27th day of June, 2025.

                                 **THE ELLIS FIRM**

                                 */s/ Willie C. Ellis Jr.*
                                 Willie C. Ellis Jr.
                                 Georgia Bar No. 246116
                                 *Attorney for Plaintiff*

3400 Peachtree Road
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAVEN WILLIAMS, <br><br> PLAINTIFF, <br><br> v. <br><br> TJX COMPANIES, INC., AND JOHN DOES 1-3, <br><br> DEFENDANTS. | CIVIL ACTION FILE NO.: <br><br> 1:25-CV-00486-MLB |

## **[PROPOSED] ORDER GRANTING MOTION TO AMEND COMPLAINT**

Having read and considered Plaintiff's Motion to Amend Complaint, and for good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**. The Plaintiff is directed to file the Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
Michael L. Brown
United States District Judge

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAVEN WILLIAMS, <br><br> PLAINTIFF, <br><br> v. <br><br> TJX COMPANIES, INC., AND JOHN DOES 1-3, <br><br> DEFENDANTS. | CIVIL ACTION FILE NO.: <br><br> **1:25-CV-00486-MLB** |

## CERTIFICATION OF COMPLIANCE

I HEREBY CERTIFY that the document to which this certificate is attached has been prepared in Times New Roman, 14-point type, which is one of the fonts and point selections approved by the Court in N.D. Ga., L.R. 5.1(C).

Respectfully submitted this 27th day of June, 2025.

| | |
|---|---|
| 3400 Peachtree Road <br> Ste. 725 <br> Atlanta, Georgia, 30326 <br> Telephone: (770) 212-1432 <br> Fascimile: (404) 393-2392 <br> will@call-ellis.com | **THE ELLIS FIRM** <br><br> */s/ Willie C. Ellis Jr.* <br> Willie C. Ellis Jr. <br> Georgia Bar No. 246116 <br> *Attorney for Plaintiff* |