IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORNA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>TJX COMPANIES, INC.,<br><br>    Defendant. | Civil Action<br>File No.:   1:18-cv-00381-MLB |

## TJX COMPANIES' RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

COMES NOW The TJX Companies, Inc., improperly named as defendant TJX Companies in the above-styled action (hereinafter referred to as "TJX"), by and through the undersigned counsel of record, Defendant in the above-referenced matter, and responds to Plaintiff's First Requests for Admission as follows:

REQUEST NO. 1

    Admit or deny that trip hazards on the store floor where customers travel must be removed as soon as possible after they are identified.

Response: Denied.

REQUEST NO. 2

    Admit or deny that Defendant was in control of the premises at the time and place of Plaintiff's injury that is the subject of this lawsuit.

Response: Admitted.

REQUEST NO. 3

    Admit or deny Plaintiff's trip injury was caused in whole or in part by a folded table lying on the floor.

Response: Admitted to the extent that plaintiff claims she tripped on the folded table, but the remainder is denied.

REQUEST NO. 4

Admit or deny that Defendant's employees or agents examined or inspected the area where plaintiff tripped after the fall on the day of the injury.

Response: Admitted.

REQUEST NO. 5

Admit or deny that all Defendant's employees, who work primarily in the customer accessible part of the store, must receive continuous training on preventing and correcting trip hazards.

Response: Denied.

REQUEST NO. 6

Admit or deny that Defendant is responsible for periodically reviewing and assessing their store employee's ability to follow company safety policies and procedures.

Response: Admitted.

REQUEST NO. 7

Admit or deny that Defendant considers trip hazards to be a significant safety issue.

Response: Defendant admits trip hazards in its stores are an issue related to safety. Responding further, Defendant denies the remaining allegations contained in request number 7.

REQUEST NO. 8

Admit or deny that Defendant is aware that the following types of injuries can result from a trip and fall: death, paralysis, traumatic brain injury, leg fractures, arm fractures, hip fractures, lost teeth, broken nose, and permanent facial disfigurement.

Response: Defendant admits that individuals can sustain injuries, including the types of injuries listed in this Request. Responding further, Defendant denies the remaining allegations contained in Request number 8.

REQUEST NO. 9

Admit or deny that Defendant is aware that the following types of people have or may enter their stores: Senior citizens, children, the physically disabled, pregnant women, the obese, police officers, and emergency response officers.

Response: Defendant admits its customer base includes, but is not limited to, the "types of people"

listed in this request. Responding further, Defendant denies the remaining allegations contained in

Request number 9.

REQUEST NO. 10

Admit or deny that item [sic] that the plaintiff tripped on in this case was placed by an employee of the Defendant.

Response: Admitted that the item plaintiff contends she tripped over was place by an employee.

REQUEST NO. 11

Admit or deny that an employee of the Defendant was aware of the item on the floor that the Plaintiff tripped on before the trip occurred.

Response: Admitted that an employee was aware of the existence of the folded table that plaintiff

contends she tripped over the remainder is denied.

REQUEST NO. 12

Admit or deny that Defendant does not have any written documents, logs, or reports to indicate employee inspections during 2016 of the floor area where Plaintiff was injured.

Response: Defendant admits that it does not have specific documents showing specific inspections

in 2016 where defendant contends she tripped, the remainder is denied.

REQUEST NO. 13

Admit or deny that Defendant's store employees' responsibility to identify potential trip hazards are limited to any observations they happen to make during the course of their other work duties.

Response: Denied.

REQUEST NO. 14

Admit or deny that Defendant did not rely on any research, studies or industry practices in their decision to lay tables flat on their store floors for any purpose.

Response: Admitted.

REQUEST NO. 15

Admit or deny that Defendant did not conduct any meetings to authorize, prohibit, or evaluate the use of laying tables flat on the floor for any purpose prior to the date of this incident.

Response: Admitted.

REQUEST NO. 16

Admit or deny that Defendant does not encourage or endorse any their stores to lay tables flat on their store floor for any purpose.

Response: Having made reasonable inquiry, Defendant is without knowledge or information

sufficient to admit or deny this request, and it therefore stands denied.

REQUEST NO. 17

Admit or deny that Defendant does not have any training material that endorses or instructs laying tables flat on store floors for any purpose.

Response: Admitted.

REQUEST NO. 18

Admit or deny that Defendant has not paid any expenses on behalf of the Plaintiff for medical expenses.

Response: Admitted.

REQUEST NO. 19

Admit or deny that Defendant does not have any audio or video recordings of statements of the Plaintiff regarding this lawsuit.

Response: Denied.

REQUEST NO. 20

**Admit or deny that Defendant or its agents took a recorded statement of the Plaintiff right after the incident.**

Response: Defendant admits Plaintiff gave a recorded statement after the subject incident.

Responding further, Defendant denies the remaining allegations contained in Request Number 20.

REQUEST NO. 21

**Admit or deny that Defendant did not take any pictures of the area where the trip took place within 24 hours after the incident.**

Response: Admitted.

REQUEST NO. 22

**Admit or deny that Defendant did not take any pictures of the area where the trip took place within a week after the incident.**

Response: Admitted.

REQUEST NO. 23

**Admit or deny that Defendant does not have any video footage of the plaintiff entering, exiting, or being at the store at any time on December 30, 2016.**

Response: Admitted.

REQUEST NO. 24

**Admit or deny that Defendant did not record any video footage of the plaintiff entering, exiting, or being at the store at any time on the day of the incident.**

Response: Denied.

REQUEST NO. 25

**Admit or deny that Defendant did not create any written or electronic reprimands of any kind to any of defendant's employees regarding any conduct related to Plaintiff's incident.**

Response: Admitted.

REQUEST NO. 26

Admit or deny that information that Defendant obtained from Plaintiff on the day of the incident was obtained in part for preparation for potential litigation.

Response: Admitted

REQUEST NO. 27

Admit or deny that Defendant facilitating a conversation between Plaintiff and Defendant's insurance company was done in part for preparation for potential litigation.

Response: Admitted.

REQUEST NO. 28

Admit or deny that Defendant or its agents does not have any video coverage of the area where the incident happened at the time of the incident.

Response: Having made reasonable inquiry, Defendant is without knowledge or information sufficient to admit or deny this request, and it therefore stands denied. Responding further, the term "video coverage" is unclear and undefined.

REQUEST NO. 29

Admit or deny that Defendant or its agents does not have any video coverage of the area where the incident happened for any period four hours before or after the time of the incident.

Response: Having made reasonable inquiry, Defendant is without knowledge or information sufficient to admit or deny this request, and it therefore stands denied. Responding further, the term "video coverage" is unclear and undefined.

REQUEST NO. 30

Admit or deny that Defendant or its agents do not have any video coverage of the area where the incident happened for any period during the month of December 2016.

Response: Having made reasonable inquiry, Defendant is without knowledge or information sufficient to admit or deny this request, and it therefore stands denied. Responding further, the term "video coverage" is unclear and undefined.

REQUEST NO. 31

**Admit or deny that Defendant or its agents did not record any video footage of the area where the incident happened at any time during the four hours before or after the time of the incident.**

Response: Denied.

This 17 day of August, 2018.

                    Goodman McGuffey LLP
                    Attorneys for TJX Companies, Inc.

By: _____
                    ROBERT A. LUSKIN
                    GA State Bar No.: 004383
                    Email: rluskin@GM-LLP.com
                    ROBERT E. NOBLE, III
                    GA State Bar No.: 261331
                    Email: rnoble@GM-LLP.com
                    3340 Peachtree Road NE, Suite 2100
                    Atlanta, GA 30326-1084
                    (404) 264-1500 Phone
                    (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| LORNA SMITH,<br><br>　　Plaintiff,<br><br>v.<br><br>TJX COMPANIES, INC.,<br><br>　　Defendant. | Civil Action<br>File No.:　　1:18-cv-00381-MLB |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Certificate of Service for TJX COMPANIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Nicole Jones, Esq.
Justin L. Jones, Esq.
Jones Federal & Appellate, LLC
6554 Spring Street
Douglasville, GA 30134
Nicole.jones@jfa-law.com
justin.jones@jfa-law.com

I also hereby certify that I have mailed by United States Postal Service to the attorneys listed above the document that is named in this Certificate of Service.

- 8 -

This 27th day of August, 2018.

/s/ ROBERT A. LUSKIN
ROBERT A. LUSKIN
GA Bar No. 004383
rluskin@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

2132-0039/Doc ID #5076513